### THE DICKSADEE.

(District Court, S. D. Florida. June 6, 1923.)

**Maritime liens ⬡➾29—Libelant held not entitled to maritime lien for repairs.**

Under Comp. St. Compact Ed. Supp. 1923, §§ 8146¼ooo, 8146¼p, as to maritime liens, where a motor yacht was placed at a boatyard under agreement that one L. might make certain repairs and changes at his expense, for which the owner should not be responsible, and L. employed libelant, and on three occasions the owner notified libelant that he would not be responsible for the work libelant was doing, *held*, that libelant was not entitled to a maritime lien for his work.

In Admiralty. Libel by William C. Kitchell against the motor yacht Dicksadee. Libel dismissed.

Webster Spates, of Miami, Fla., for libelant.
Semple & Taylor, of Miami, Fla., for respondent.

CALL, District Judge. In this cause libelant seeks to recover for labor performed upon the motor yacht Dicksadee during the months of November and December, 1921, and part of January, 1922. It is clear from the testimony that the yacht was placed at the boatyard under an agreement that Lane might make certain repairs and changes at his expense, for which the owner of the boat would not be responsible; that Lane employed libelant; that on three different occasions the owner notified the libelant that he would not be responsible for the work libelant was doing.

Act June 5, 1920, c. 250, § 30, subsection P (section 8146¼ooo of Compiled Statutes Compact Ed. Supp. 1923), gives a maritime lien to any person furnishing repairs to a vessel upon the order of the owner, or of a person authorized by the owner to make same. Section 30, subsection Q (section 8146¼p of the Compiled Statutes Compact Ed. Supp. 1923), designated the persons who shall be presumed to have authority from the owner to procure such repairs, to wit, the

managing owner, ship's husband, master, or any person to whom the management of the vessel at the port of supply is intrusted. The employer of the libelant was neither the managing owner, ship's husband, master, nor person to whom the management of the vessel was intrusted. Nor was he the owner. If any person was intrusted with the management of the yacht, if indeed any person appears by the evidence to have been so intrusted, it was the boatyard, and the libelant has not connected himself in any manner with the boatyard.

This Act of June 5, 1920, repealed the statute of 1910. It is to this Act of June 5, 1920, that the libelant must appeal to establish a maritime lien, and by the terms of it he is denied the relief sought. It is established by the testimony beyond controversy that the owner never authorized Lane to make any repairs.

This conclusion makes it unnecessary to consider the defense of laches set up in the answer of claimant.